**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1635-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLIVE HINDS,

     Defendant-Appellant.

_____

Submitted September 13, 2022 – Decided September 30, 2022

Before Judges Geiger and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-02-0440.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Steven Cuttonaro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Clive Hinds appeals from a July 1, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant was convicted at trial of manslaughter, which had been reduced from murder through application of the duress mitigation doctrine, N.J.S.A. 2C:2-9(a). Defendant was also convicted of conspiracy to commit the murder and kidnapping of two victims, related weapons offenses, and hindering prosecution. He contends in his PCR petition that his trial counsel rendered ineffective assistance in failing to ensure that the jury instructions clearly explained that the defense of duress applied to all counts of the indictment and not just to the counts charging murder. Relatedly, he contends that his trial counsel was additionally ineffective in failing to challenge what defendant characterizes as inconsistent verdicts.

Judge Kathleen M. Delaney determined that defendant's PCR petition was procedurally barred pursuant to Rule 3:22-5 because he previously raised a substantially equivalent contention on direct appeal. The judge nonetheless addressed defendant's PCR contentions on the merits. She concluded that defendant failed to establish that counsel's performance at trial was constitutionally deficient, nor did he demonstrate that the results of the trial would have been different but for any such ineffective assistance. The PCR

judge noted that the trial court had properly instructed the jury that the duress defense applies to all the charges.

The PCR judge further held that an evidentiary hearing to address defendant's PCR contentions was not warranted because he had not established a prima facie case for ineffective assistance of counsel and because there were no material issues of disputed fact that must be resolved with evidence outside the record. After carefully reviewing the record in light of the governing legal principles, we affirm substantially for the reasons explained in Judge Delaney's cogent oral opinion.

I.

This case arises from a brutal, gang-related incident that defendant, along with several other gang members, actively participated in at the behest of a gang leader. The details of the attack are thoroughly recounted in our direct appeal opinion and need not be repeated here. State v. Hinds, A-3901-12 (App. Div. July 7, 2015) (slip op. at 5–7). It is sufficient for present purposes to note that, during a dispute over intra-gang politics, gang members tied up and beat Michael Hawkins and sent a picture of him to their leader. The gang leader, accompanied by defendant, then went to where Hawkins was being held. Once there, the gang leader ordered members to kill Hawkins and his girlfriend, Muriah Huff, who

was also present.  Defendant obliged, beating Hawkins with a bat and aiding in the strangulation of Huff.  The victims' bodies were recovered from the yard of the property a few days after the attack.

We discern the following procedural history from the record.  In February 2011, defendant was charged by indictment with two counts of knowing or purposeful murder in the deaths of Huff and Hawkins, N.J.S.A. 2C:11-3(a)(1) or (2) (counts one and four).  The indictment also charged defendant with two counts for each of the following crimes: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (counts two and five); first-degree kidnapping, N.J.S.A. 2C:13-1(b) (counts three and six); first-degree conspiracy to commit murder and kidnapping, N.J.S.A. 2C:5-2(a); 2C:11-3(a)(1) or (2); 2C:13-1(b) (counts seven and eight); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C: 39-4(d) (counts thirteen and seventeen); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C: 39-5(d) (counts fourteen and eighteen); and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(a)(3), -3(b)(1) (counts twenty-one and twenty-two).

The jury found defendant guilty of Huff's murder and first-degree conspiracy to commit murder and kidnapping as to both victims, as well as of

4

the weapons and hindering charges. The jury acquitted defendant of the remaining counts, including the murder of Hawkins.

The jury found, by means of a special interrogatory on the verdict sheet, that the State had not disproved the defense of duress beyond a reasonable doubt as to Huff's murder. As a result, the trial judge molded the murder conviction on count one to reflect a conviction for the second-degree crime of manslaughter, N.J.S.A. 2C:11-4. See N.J.S.A. 2C:2-9(b) ("In a prosecution for murder, the defense is only available to reduce the degree of the crime to manslaughter.").

The trial judge sentenced defendant on the manslaughter conviction to a ten-year term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge imposed a consecutive ten-year term on count eight, which charged defendant with conspiracy to commit the murder and kidnapping of Hawkins, also subject to NERA, and a consecutive five-year term with a period of eighteen months parole ineligibility on count twenty-one, one of the hindering charges. The remaining counts were either merged for sentencing purposes or ordered to be served concurrently. All told, defendant's aggregate sentence was a twenty-five-year term in prison with eighteen-and-a-half years of parole ineligibility.

5

On direct appeal, we affirmed defendant's convictions and aggregate sentence.[1] Hinds, slip op. at 30.

On March 24, 2017, defendant filed his initial petition for post-conviction relief. That petition was dismissed without prejudice for failure to file an amended petition and brief. Defendant filed a second petition on November 17, 2017. On April 3, 2018, that petition was also dismissed for failure to file an amended petition and brief. Defendant filed the petition now before us on March 7, 2019. Judge Delaney convened oral argument on July 1, 2020. At the conclusion of the oral argument, Judge Delaney determined that an evidentiary hearing was not warranted and thereupon denied defendant's PCR petition on the record.

This appeal follows. Defendant raises the following contentions for our consideration:

> POINT I
>
> THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

---

[1] Although we affirmed defendant's convictions and sentence, we remanded the case to correct two errors in the judgment of conviction. Hinds, slip op. at 3 n.2, 30. An amended judgment of conviction was entered on July 15, 2015.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY NEGLECTING TO ADEQUATELY ENSURE THAT THE JURY INSTRUCTIONS CLEARLY ADVISED THE JURY THAT THE DEFENSE OF DURESS APPLIED TO ALL COUNTS OF THE INDICTMENT.

## II.

We begin our analysis by acknowledging the foundational legal principles governing this appeal. Both the Sixth Amendment of the United States Constitution and Article 1, Paragraph 10 of our State Constitution guarantee to criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). In order to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. In Fritz, our Supreme Court adopted the two-part test articulated in Strickland. 105 N.J. at 58.

To meet the first prong of the <u>Strickland/Fritz</u> test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. <u>State v. DiFrisco</u>, 174 N.J. 195, 220 (2002) (citing <u>State v. Bey</u>, 161 N.J. 233, 251 (1999)).

The second prong of the <u>Strickland/Fritz</u> test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. <u>Id.</u> at 694. The second <u>Strickland</u> prong is particularly demanding: "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." <u>State v. Allegro</u>, 193 N.J. 352, 367 (2008) (alteration in original) (quoting <u>State v. Castagna</u>, 187 N.J. 293, 315 (2006)). This "is an exacting standard." <u>State v. Gideon</u>, 244 N.J. 538, 551 (2021) (quoting <u>Allegro</u>, 193 N.J. at 367). "Prejudice is not to be presumed,"

but must be affirmatively proven by the defendant.  Ibid. (first citing Fritz, 105 N.J. at 52; and then citing Strickland, 466 U.S. at 693).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim.  State v. Preciose, 129 N.J. 451, 463–64 (1992).  A defendant is entitled to an evidentiary hearing only when (1) he or she is able to prove a prima facie case in support of post-conviction relief, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief.  R. 3:22-10(b).  A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie case entitling him to an evidentiary hearing.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Porter, 216 N.J. 343, 355 (2013) ("[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing[.]'" (second alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

When a PCR judge does not hold an evidentiary hearing, our standard of review is de novo as to both the factual inferences drawn by the PCR judge from

the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463.

III.

We first address the State's contention that defendant is procedurally barred from bringing this petition because the fact-sensitive grounds upon which defendant relies were litigated on direct appeal and conclusively rejected. It is well-established that "[a] defendant ordinarily must pursue relief by direct appeal, see R. 3:22-3, and may not use post-conviction relief to assert a new claim that could have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 483 (1997). The corollary to that principle is that "a defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits." Ibid. Such procedural bars, the Court noted in McQuaid, "exist in order to promote finality in judicial proceedings." Ibid. Rule 3:22-5 explicitly provides in this regard that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in

the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Our Supreme Court has addressed the standard for applying the procedural bar established in Rule 3:22-5, stressing that it should be applied narrowly. In State v. Marshall, the Court explained that "[p]reclusion of consideration of an argument presented in post-conviction relief proceedings should be effected only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." 173 N.J. 343, 351 (2002) (quoting State v. Marshall, 148 N.J. 89, 150 (1997)). That standard requires us to carefully compare the contentions raised on direct appeal with the contentions that defendant now broaches in this appeal from the denial of his PCR petition.

On direct appeal, defendant raised the following point:

> THE JURY INSTRUCTION ON DURESS DID NOT PROPERLY EXPLAIN THE BURDEN OF PROOF AND WAS, AT BEST, CONTRADICTORY ON THE STATE'S BURDEN TO PROVE THE ABSENCE OF DURESS BEFORE A CONVICTION COULD BE RETURNED ON ANY COUNT. IN ADDITION, THE VERDICT SHEET COMPOUNDED THE ERROR BECAUSE IT SUGGESTED THAT DURESS WAS ONLY AVAILABLE AS A DEFENSE TO SOME OF THE COUNTS IN THE INDICTMENT. (Not raised below).

As we have noted, in this PCR appeal, defendant raises the following contention:

> TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY NEGLECTING TO ADEQUATELY ENSURE THAT THE JURY INSTRUCTIONS CLEARLY ADVISED THE JURY THAT THE DEFENSE OF DURESS APPLIED TO ALL COUNTS OF THE INDICTMENT.

We are convinced that, for all practical purposes, defendant makes the same argument he made on direct appeal, although his present contention is couched in terms of ineffective assistance of counsel. We acknowledge that ineffective assistance claims are often properly reserved for collateral appeals, rather than direct appeals, as they typically depend on facts that are not in the trial record. See Castagna, 187 N.J. at 313 ("Our courts have expressed a general policy against entertaining ineffective-assistance of counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." (quoting Preciose, 129 N.J. at 460)). But here, the facts in the trial record unequivocally refute the foundation for defendant's ineffective assistance claim. We thus conclude that defendant's PCR claims are "substantially equivalent" to his direct appeal contentions that we considered and rejected on the merits. See Marshall, 173 N.J. at 351.

Specifically, we conclusively determined on direct appeal that the trial judge properly instructed the jury that the defense of duress applies to charges besides the murder counts, rejecting defendant's contention to the contrary. We reproduce the portion of our opinion that conclusively rejected defendant's contention:

> Defendant's other claim, that the charge and verdict sheet did not make clear to the jurors they were to consider duress as to all counts of the indictment, lacks sufficient merit to warrant extensive discussion. R. 2:11-3(e)(2). The judge clearly told the jury that the affirmative defense applied to "the charges in the indictment," and he provided the instructions after having defined the elements of all the crimes charged. At the very conclusion of his instructions and at behest of defense counsel, the judge told the jurors, "even though the verdict sheet only asks you for a specific finding about duress as to the murder charges, duress applies to all the charges in the verdict sheet."
>
> [Hinds, slip op. at 23 (emphasis omitted).]

While it may appear that defendant is advancing an ineffective assistance of counsel claim for the first time, in actuality, he is merely repackaging contentions already considered and rejected on direct appeal. Therefore, we agree with Judge Delaney that defendant's PCR contention is procedurally barred.

13

IV.

Despite this procedural bar, we choose to address defendant's claim of ineffective assistance on the merits, as did Judge Delaney. In doing so, we note that the circumstances that would justify invocation of the procedural bar under Rule 3:22-5 also dictate the resolution of defendant's contention on the merits. Defendant cannot possibly establish that his trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on the duress mitigation defense since there was no defect with those jury charges, as we have previously determined.

The record clearly shows, moreover, that defense counsel's performance with respect to the duress-defense jury charges was by no means ineffective and certainly "falls within the wide range of reasonable professional assistance" required under the Strickland/Fitz standard. Strickland, 466 U.S. at 689. The record shows that the trial judge, defense counsel, and prosecutor repeatedly discussed the duress defense during the course of the trial, as it was central to defendant's case. It is readily apparent that the trial judge was guided by those discussions and properly instructed the jury on the duress doctrine. Specifically, the trial judge instructed the jury as follows:

> [I]n defense of the charges in the indictment the
> defendant . . . contends he is not guilty because at the

time of the offenses he acted under duress. In other words he was coerced to commit the offenses due to the use of or a threat to use unlawful force against him. Our law provides in pertinent part that it is an affirmative defense that an actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of or a threat to use unlawful force against his person which a person of reasonable firmness in his situation would have been unable to resist.

Before conduct which would otherwise be criminal can be excused on the ground that such conduct was a direct result of force or threats of force upon the defendant or another, the evidence must indicate that the following conditions existed at the time:

Number one, that there was use of or threatened use of unlawful force against the person of the defendants;

And two, the force or threatened force would be of such a type that a person of reasonable firmness in a similar situation would have been unable to resist.

. . . .

The [S]tate has the burden to prove beyond a reasonable doubt each element of the offense charged. The [S]tate also has the burden to disprove beyond a reasonable doubt the defense of duress. If you find that the [S]tate has proven beyond a reasonable doubt each element of the offenses charged and that the [S]tate has disproved beyond a reasonable doubt the defense of duress you must find the defendant guilty.

If, however, you determine that the [S]tate has failed to prove beyond a reasonable doubt one or more

15

of the elements of the offense charged or has failed to disprove the defense of duress, you must find the defendant not guilty.

Please note that in regard to the charges of murder and felony murder, the defense of duress reduces the charge to manslaughter.

[Hinds, slip op. at 18–19 (alterations in original) (emphasis omitted).]

That instruction tracks the model jury charge. Model Jury Charges (Criminal), "Duress" (N.J.S.A. 2C:2-9) (approved May 5, 1982). "A jury charge is presumed to be proper when it tracks the model jury charge verbatim because the process to adopt model jury charges is 'comprehensive and thorough.'" State v. Berry, 471 N.J. Super. 76, 107 (App. Div. 2022) (quoting State v. R.B., 183 N.J. 308, 325 (2005)).

Importantly, the trial judge provided the following supplemental instruction to the jury:

To assist you in reporting a verdict[,] I have prepared a verdict sheet for you. You will have this with you in the jury room. This verdict form is not evidence [and] even though the verdict sheet only asks you for a specific finding about duress as to the murder charges, duress applies to all the charges in the verdict sheet. The fact that the specific language is only under the murder counts should not lead you to infer that duress only applies to those counts. It applies to all the counts in the indictment.

16

[(Emphasis added).]

Especially in view of that specific and unambiguous supplemental instruction, it is evident that defense counsel could not possibly be deemed to be ineffective for having failed to "ensure . . . [that] the jury instructions clearly advised the jury that the defense of duress applied to all counts of the indictment," as defendant now contends. On the contrary, defense counsel succeeded in having the trial judge provide exactly such an instruction

But even assuming for the sake of argument that defendant could somehow satisfy the first prong of Strickland, he fails to meet the "exacting standard" set forth in the second prong. Gideon, 244 N.J. at 551 (quoting Allegro, 193 N.J. at 367). As we have noted, "prejudice is not to be presumed," but rather must be affirmatively proven. Ibid. (first citing Fritz, 105 N.J. at 52; and then citing Strickland, 466 U.S. at 693). Defendant was not prejudiced by anything defense counsel did or did not do regarding the duress jury charge because the trial court ultimately instructed the jury that duress applied to all charges.

V.

We turn next to defendant's related assertion that his trial counsel was ineffective because, according to defendant, the verdict was "inconsistent" in

17

that the jury found the State had not disproved the defense of duress with respect to the murder of Huff and yet did not similarly find duress with respect to the remaining charges for which defendant was convicted, including conspiracy to murder and kidnap both Huff and Hawkins. As a result of this purported "inconsistency," defendant assumes the jury must have been confused about the duress doctrine and attributes that confusion to defense counsel's performance at trial.

That argument rests on a faulty premise. As we explained in the preceding section, the jury in this case received clear, explicit instruction that the duress mitigation defense could apply to all charges, not just the murder charges. It is well-settled that "courts presume juries follow instructions." State v. Herbert, 457 N.J. Super. 490, 503 (App. Div. 2019). In light of that foundational principle of our criminal justice system, we decline to speculate that the jury misunderstood the trial court's proper instructions on duress.

Furthermore, defendant's argument proceeds from yet another faulty premise that it was improper for the jury to find the duress mitigation doctrine applied to the Huff murder charge but not to the conspiracy-to-commit-murder counts for which defendant was convicted. In State v. Hardison, our Supreme Court acknowledged that "the law of conspiracy identifies the agreement to

engage in a criminal venture as an event of sufficient threat to social order, therefore permitting the imposition of criminal sanctions for the agreement alone, <u>regardless of whether the crime agreed upon actually is committed</u>."  99 N.J. 379, 383 (1985) (emphasis added).  In this instance, the jury could find, for example, that the State proved defendant was not under sufficient duress for purposes of N.J.S.A. 2C:2-9 when he agreed to commit kidnapping and murder, but that the State did not meet that burden as to the actual commission of the crimes.

In any event, our Supreme Court has made clear that "[i]nconsistent verdicts are accepted in our criminal justice system."  <u>State v. Banko</u>, 182 N.J. 44, 53 (2004) (citing <u>State v. Grey</u>, 147 N.J. 4, 11 (1996)).  The Court embraced the United States Supreme Court's reasoning in <u>United States v. Powell</u>, 469 U.S. 57 (1984), which re-affirmed that "inconsistent verdicts are acceptable and non-reviewable."  <u>Banko</u>, 182 N.J. at 53.  Importantly, the Court in <u>Banko</u> explained that inconsistent verdicts are permitted "so long as the evidence was sufficient to establish guilt on the substantive offense beyond a reasonable doubt."  <u>Id.</u> at 55 (quoting <u>State v. Petties</u>, 139 N.J. 310, 319 (1995)).  Here, the evidence in the record at trial amply supports defendant's convictions.

## VI.

Finally, we circle back to defendant's contention that the PCR judge erred by declining to convene an evidentiary hearing. We reiterate that a PCR petitioner is not entitled to such a hearing unless (1) he or she is able to prove a prima facie case in support of post-conviction relief, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. R. 3:22-10(b) (emphasis added). See also Preciose, 129 N.J. at 462–63. In this case, defendant has failed to establish a prima facie case of ineffective assistance under either prong of the Strickland/Fritz test, much less both. Furthermore, there are no disputed facts that require evidence outside the trial record. Finally, a hearing is not needed to address defendant's claims for relief.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1635-20